```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
───────────────────────────────

```
TERRILEE ONEY,

                        Plaintiff,
        -vs-                              No. 1:14-CV-00720 (MAT)
                                          DECISION AND ORDER
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                        Defendant.
```
───────────────────────────────

## I. Introduction

Represented by counsel, Terrilee Oney ("plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## II. Procedural History

The record reveals that in March 2011, plaintiff (d/o/b February 7, 1961) applied for DIB and SSI, alleging disability as of January 20, 2011. After her applications were denied, plaintiff

requested a hearing, which was held before administrative law judge David S. Lewandowski ("the ALJ") on November 7, 2012. The ALJ issued an unfavorable decision on January 22, 2013. The Appeals Council denied review of that decision and this timely action followed.

**III. The ALJ's Decision**

Initially, the ALJ found that plaintiff met the insured status requirements of the Social Security Act through March 31, 2013. At step one of the five-step sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity since January 20, 2011, the alleged onset date. At step two, the ALJ found that plaintiff suffered from the severe impairments of degenerative disc disease of the lumbar and cervical spines, degenerative changes of the hip, and chronic obstructive pulmonary disorder ("COPD"). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), "except she [could] perform occasional postural activities but should not climb ropes, ladders or scaffolds"; she "should not work with hazards, including dangerous machinery and

unprotected heights"; she could "perform occasional flexion, extension and rotation of the neck"; and she "should avoid exposure to pulmonary irritants." T. 17-18.

At step four, the ALJ found that plaintiff could perform past relevant work as a cafeteria aide and a teacher's aide. Accordingly, the ALJ found plaintiff not disabled and did not proceed to step five.

## IV. Discussion

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

Plaintiff contends that the ALJ's RFC determination was unsupported by any medical opinion in the record, and therefore was a result of the ALJ's own lay interpretation of the medical evidence. Although the ALJ gave "significant weight" to the consulting examining opinion of state agency internal medicine consultant Dr. John Shwab, plaintiff argues that his findings were not accounted for in the ALJ's RFC finding. Dr. Schwab's consulting examination, performed on June 17, 2011, found that plaintiff had

significantly restricted range of motion ("ROM") of the cervical spine. Specifically, plaintiff demonstrated cervical spine ROM of 10 degrees extension, 10 degrees flexion, and lateral flexion and rotation of zero degrees. Plaintiff also demonstrated decreased ROM of the lumbar spine, positive straight leg raise ("SLR") test bilaterally, and limitation in ROM of the shoulders. Dr. Schwab opined that plaintiff had "marked restriction to moving her head in any direction and a marked restriction to bending, lifting, and carrying." T. 326.

The ALJ stated that he gave Dr. Schwab's opinion "[s]ignificant weight . . . as it [was] consistent with the residual functional capacity noted [in the ALJ's decision] with included light work with occasional flexion, extension and rotation of the neck and occasional postural activities." T. 20. Apparently, therefore, the ALJ interpreted Dr. Schwab's "marked" restrictions in rotation of the head, bending, lifting, and carrying as consistent with the ALJ's RFC limiting plaintiff to "occasional" performance of postural activities and flexion, extension, and rotation of the neck.

Plaintiff argues that Dr. Schwab's opinion was "too vague to be reasonably interpreted as being consistent with light work," even with the additional "occasional" limitations assigned by the ALJ. Doc. 9-1 at 16. The Court agrees. Dr. Schwab's use of the term "marked" to describe plaintiff's limitations indicates that he

found those limitations to be quite restrictive; however, he did not define his meaning in using the term. The ALJ failed to explain how he arrived at the conclusion that the "marked" limitations found by Dr. Schwab were consistent with "occasional" head movement and "perform[ing] occasional posture activities" as the ALJ found in his RFC determination.

"Light work" as defined in the regulations "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). SSR 83-14 notes that light work generally involves occasional stooping ("bending the body downward and forward by bending the spine at the waist"), and defines "occasional" as "from very little up to one-third of the time." Id.; see also SSR 96-6p (defining "occasionally").

Applying these definitions to the ALJ's RFC determination, the ALJ found that although Dr. Schwab stated she had marked limitations in moving her head, lifting, carrying, and bending, pursuant to the RFC plaintiff could perform these functions up to one-third of the total workday. Dr. Schwab's functional assessment was too vague to support this RFC, especially where the term "marked" indicates that plaintiff would be restricted more often than one-third of the total workday in moving her head, lifting, carrying, and bending. See Curry v. Apfel, 209 F.3d 117, 123 (2d Cir. 2000) (finding that consultant's "use of the terms

'moderate' and 'mild,' without additional information, does not permit the ALJ, a layperson notwithstanding her considerable and constant exposure to medical evidence, to make the necessary inference that [plaintiff could] perform the exertional requirements of sedentary work"), superceded by statute on other grounds as stated in Douglass v. Astrue, 2012 WL 4094881 (2d Cir. 2012); see also Selian v. Astrue, 708 F.3d 409, 421 (2d Cir. 2013) (finding that ALJ's reliance on treating physician's statement that plaintiff could "lift . . . objects of a mild degree of weight on an intermittent basis" was too vague to support ALJ's finding that plaintiff could perform light work).

    The Court therefore agrees with plaintiff that although the ALJ stated he gave "significant" weight to Dr. Schwab's opinion, the opinion did not actually support the RFC finding. As the ALJ had no other medical opinion evidence on which to base his decision, it appears that the ALJ impermissibly relied on his own medical judgment in formulating the RFC. See Mancuso v. Colvin, 2013 WL 3324006, *3 (W.D.N.Y. 2013) (noting that "an expert's opinion that uses vague phrases may not constitute substantial evidence to support an RFC determination when it is 'accompanied by no additional information, so as to prevent the ALJ, as a layperson, from being able to make the necessary inference whether [p]laintiff can perform the particular requirements of a specified type of work") (citing Burgess v. Astrue, 537 F.3d 117, 128–29 (2d Cir. 2008)). The Court notes that the administrative record contains ample evidence of medical impairments, and therefore the

6

ALJ was not in a position to render a "common sense" judgment regarding plaintiff's functional capacity without the benefit of an expert's assessment. See Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 17 (1st Cir. 1996) ("[W]here the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment. . . . But when, as now, a claimant has sufficiently put her functional inability to perform her prior work in issue, the ALJ must measure the claimant's capabilities, and 'to make that measurement, an expert's RFC evaluation is ordinarily essential unless the extent of functional loss, and its effect on job performance, would be apparent even to a lay person.'") quoting Santiago v. Sec. of Health & Human Servs., 944 F.3d 1, 7 (1st Cir. 1991)).

Accordingly, this case is remanded for further administrative proceedings consistent with this Decision and Order. On remand, the ALJ is directed to further develop the opinion evidence by contacting Dr. Schwab to clarify his opinion. If the ALJ deems it necessary, he should contact a treating physician for an opinion regarding plaintiff's physical capabilities. In his decision on remand, the ALJ must provide a function-by-function assessment of plaintiff's limitations, and explain how the substantial evidence of record supports each limitation included in the RFC finding.

**V. Conclusion**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Doc. 11) is denied and plaintiff's

7

motion (Doc. 9) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.  The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                      **S/Michael A. Telesca**
                                      HON. MICHAEL A. TELESCA
                                      United States District Judge

Dated:    March 21, 2017
          Rochester, New York.